# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTOPHER LEE FREDETTE,
Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,
Agency.

DOCKET NUMBER
PH-315H-15-0136-I-1

DATE: September 14, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Andy Langevin</u>, Essex Junction, Vermont, for the appellant.

<u>Laura J. Carroll</u>, Saint Albans, Vermont, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the reasons set forth below, we GRANT the petition for review, REVERSE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2    On May 18, 2014, the agency appointed the appellant to a GS-7 Operations Support Assistant position in the competitive service, subject to completion of a 1–year probationary period.  Initial Appeal File (IAF), Tab 4 at 11-12.  At the time of his appointment, the appellant did not have prior creditable Federal service.  *See id.* at 11 (reflecting a service computation date of May 18, 2014).  On December 2, 2014, while the appellant still was serving his probationary period, the agency notified him that he would be terminated from his position, effective immediately, due to his conduct.  *Id.* at 12.  The appellant's termination notice specified that he was charged with two felony counts on October 28, 2014, and that he made admissions to a detective regarding conduct supporting the charges on September 7, 2014.  *Id.* at 12, 16, 21-24.  The alleged criminal conduct occurred in July 2013, prior to his appointment.  *Id.* at 16.

¶3    The appellant filed a Board appeal alleging, in pertinent part, that he was terminated for preappointment reasons without the procedures set forth at 5 C.F.R. § 315.805.  IAF, Tab 1 at 4, 6.  The administrative judge issued an order requiring the appellant to submit evidence and argument establishing that his appeal was within the Board's jurisdiction.  IAF, Tab 2 at 2-5.  The agency responded to the order, arguing that the appeal should be dismissed for lack of jurisdiction, IAF, Tab 4 at 4-6, but the appellant did not respond.

¶4    Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID) at 1-4.  He found that the appellant failed to raise a nonfrivolous allegation that he was terminated for preappointment reasons because the record indicated that the appellant was terminated based on "the misconduct of admitting the alleged

criminal conduct to the authorities" and the resulting felony charges, both of which occurred after his appointment to the Federal service.  ID at 3 & n.*.

¶5        The appellant has filed a petition for review in which he argues that he was terminated for preappointment reasons and disputes the merits of the agency's termination decision.  Petition for Review (PFR) File, Tab 1 at 3, Tab 2 at 8, Tab 4 at 3.  The agency has opposed the petition for review.  PFR File, Tab 5.

## ANALYSIS

¶6        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving Board jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(a)(2)(i).  An appellant is entitled to a jurisdictional hearing only if he makes a nonfrivolous allegation of Board jurisdiction, i.e., an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013).

¶7        It is undisputed that, as a probationary employee in the competitive service with less than 1 year of current continuous service, the appellant has no statutory right of appeal to the Board under 5 U.S.C. chapter 75.  *See* 5 U.S.C. § 7511(a)(1)(A); *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005).  Moreover, he did not allege that his termination was based upon either partisan political reasons or marital status, which would give rise to a regulatory right of appeal under 5 C.F.R. § 315.806(b).  IAF, Tab 1; PFR File, Tabs 1-2, 4.

¶8        However, under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before his appointment may appeal his termination to the Board on the ground that it was not effected in accordance with the procedural requirements set forth in 5 C.F.R. § 315.805.  In such appeals, the merits of the agency's termination decision

are not before the Board.[2]  *Hope v. Department of the Army*, [108 M.S.P.R. 6](#), ¶ 7 (2008).  Rather, if an appellant nonfrivolously alleges that he was terminated based in whole or in part on preappointment reasons and that the agency failed to afford him the procedural protections of [5 C.F.R. § 315.805](#), then the Board has jurisdiction to determine whether the agency, in fact, failed to follow the procedures of [5 C.F.R. § 315.805](#), and, if so, whether such procedural error was harmful.  *See Hope*, [108 M.S.P.R. 6](#), ¶¶ 7-8.

¶9        We agree with the appellant that his termination was based, at least in part, on his alleged preappointment criminal conduct.  PFR File, Tab 1 at 3, Tab 2 at 8, Tab 4 at 3.  The termination notice stated that it was not in the agency's best interest to continue his employment because his "admitted conduct," which occurred prior to his appointment, was contrary to agency core values and "fails to demonstrate the integrity and character befitting a federal employee."  IAF, Tab 4 at 12.  Furthermore, the agency submitted an affidavit from the deciding official, who stated that, although the appellant informed his supervisor of his arrest at the time that he was charged, the agency did not terminate his employment until it subsequently obtained additional information, including certain details regarding the alleged criminal conduct at issue.  *Id.* at 9.  Thus, a reasonable interpretation of the evidence of record establishes that the agency terminated the appellant's employment due, at least in part, to the nature of his alleged preappointment conduct.

¶10       The agency argues on review that the appellant's alleged criminal conduct was merely a preexisting condition that affected his postappointment conduct or performance and, therefore, he was terminated based solely on postappointment reasons.  PFR File, Tab 5 at 5-7.  We disagree and find that the cases that the agency relies upon in support of this argument are distinguishable.  In

_____

[2] Therefore, we do not address the appellant's arguments on review that he has not been found guilty yet of the charged felonies and that he was treated differently than a similarly situated employee because these contentions relate solely to the merits of the termination decision.  *See* PFR File, Tab 1 at 3, Tab 2 at 8, Tab 4 at 3.

*Von Deneen v. Department of Transportation*, [33 M.S.P.R. 420](#), 423, *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987) (Table), the Board found that a probationer was terminated for postappointment reasons where he was denied a security clearance required for his position, although the basis for denying the clearance was a condition that existed prior to his appointment.  Similarly, in *Rivera v. Department of the Navy*, [114 M.S.P.R. 52](#), ¶ 8 (2010), the Board found that, even assuming that a probationer's failure to qualify for a government credit card was attributable to his preappointment credit history, his termination for failure to secure approval for the card constituted a postappointment reason for termination because securing the card was a requirement of his position, which he failed to satisfy.  In *Cunningham v. Department of the Army*, [119 M.S.P.R. 147](#), ¶ 8 (2013), the Board found that, even assuming that the probationer's postappointment performance deficiencies were caused by a preexisting medical condition, her termination for deficient performance was done for postappointment reasons.

¶11    In contrast, in the present case, the appellant did not fail to satisfy any requirement of his position as a result of his postappointment admissions and criminal charges, and his performance was not deficient.  Instead, the admissions and the criminal charges merely revealed the appellant's alleged preappointment criminal conduct, which was the basis for his termination.

¶12    We find *Jones v. Department of Justice*, 524 F. App'x 660 (Fed. Cir. 2013), to be more analogous in this regard.[3]  In *Jones*, while an individual was serving a probationary period for a Cook Supervisor position, the Bureau of Prisons Office of Internal Affairs (OIA) issued a report concluding that he had committed misconduct in a prior position as a Correctional Officer.  *Jones*, 524 F. App'x at 661-62.  Thereafter, the agency terminated his employment based upon the

---

[3] Although the court has designated the decision in *Jones* as nonprecedential, the Board may follow a nonprecedential decision where, as here, it finds it persuasive.  *Dean v. Office of Personnel Management*, [115 M.S.P.R. 157](#), ¶ 14 (2010).

misconduct at issue in the OIA report. *Id.* at 662. Although the probationer's preappointment misconduct was not substantiated until the postappointment issuance of the OIA report, the court found that the Board correctly concluded that he was terminated for preappointment reasons. *Id.* at 663-64. Similarly, here, although the appellant's postappointment alleged admissions and criminal charges revealed his alleged preappointment misconduct, he was terminated based on the underlying alleged misconduct, which is a preappointment reason.

¶13        Because the appellant was terminated for preappointment reasons, he was entitled to the procedural protections set forth in 5 C.F.R. § 315.805. It is undisputed that the agency did not provide the appellant with these procedural rights, which include advance notice of the termination, an opportunity to respond, and consideration of the response. *See* IAF, Tab 4 at 12; 5 C.F.R. § 315.805. Therefore, the relevant inquiry is whether the agency's failure to follow these procedures was harmful error. *Hope*, 108 M.S.P.R. 6, ¶ 7.

¶14        It is well established, however, that harmful error cannot be presumed; an agency error is harmful only where the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 8. Further, the burden is on the appellant to show that the procedural error was harmful. 5 C.F.R. § 1201.56(c)(3). Because the administrative judge found that the Board lacked jurisdiction over this appeal, the record is not developed on the issue of whether the appellant met his burden of establishing that the agency would not have terminated him had it provided him with advance notice of the termination, an opportunity to respond, and consideration of his response. On remand, the administrative judge shall provide the appellant with notice of what is necessary to establish harmful error and afford the parties the opportunity to present evidence and argument on this issue.

¶15        In addition, we note that the appellant indicated on his initial appeal form that the agency made a negative suitability determination. IAF, Tab 1 at 4. The

record does not contain further mention of such a claim, which has a particular meaning in Board law that may not apply here, *see* 5 C.F.R. part 731, and the appellant may have intended to abandon such a claim. On remand, the administrative judge shall provide the appellant with notice of the burdens and elements of proof to establish jurisdiction over a claim that he was subjected to a negative suitability determination, and either adjudicate the claim or document the appellant's desire to withdraw such a claim, as appropriate. *Cf. Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 10 (2010) (finding that, when an appellant raises an affirmative defense in an appeal by checking the appropriate box on an appeal form, the administrative judge must address the affirmative defense in any close of record order or prehearing conference summary and order).

## ORDER

¶16     For the reasons discussed above, we REMAND this appeal to the regional office for further adjudication in accordance with this Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.